**NOT FOR PUBLICATION**

MAR 01 2010

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE ABUNDEZ-ABUNDEZ, | Nos. 06-74755 |
| | 07-70892 |
| Petitioner, | |
| | Agency No. A078-686-019 |
| v. | |
| ERIC H. HOLDER Jr., Attorney General, | MEMORANDUM [*] |
| Respondent. | |

On Petitions for Review of Orders of the
Board of Immigration Appeals

Submitted February 16, 2010[**]

Before:    FERNANDEZ, GOULD, and M. SMITH, Circuit Judges.

In these consolidated petitions for review, Jose Abundez-Abundez, a native

and citizen of Mexico, petitions for review of the Board of Immigration Appeals'

("BIA") order dismissing his appeal from an immigration judge's ("IJ") removal

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

RB/Research

order, and the BIA's order denying his subsequent motion to reopen. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, and review de novo claims of due process violations in immigration proceedings. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). In No. 06-74755, we dismiss in part and deny in part the petition for review, and in No. 07-70892, we deny the petition for review.

We lack jurisdiction to review the BIA's discretionary determination that Abundez-Abundez failed to show exceptional and extremely unusual hardship to a qualifying relative. *See Romero-Torres v. Ashcroft*, 327 F.3d 887, 890 (9th Cir. 2003). Abundez-Abundez's claim that the IJ violated his due process rights by refusing to consider new hardship evidence on remand fails in light of the BIA's subsequent consideration of the evidence on appeal. *See Colmenar v. INS*, 210 F.3d 967, 972 (9th Cir. 2000) (requiring prejudice to prevail on a due process challenge).

The BIA did not abuse its discretion by denying Abundez-Abundez's motion to reopen, because the BIA considered the evidence he submitted and acted within its broad discretion in determining that the evidence was insufficient to warrant reopening. *See Singh v. INS*, 295 F.3d 1037, 1039 (9th Cir. 2002) (BIA's denial of

a motion to reopen shall be reversed only if it is "arbitrary, irrational or contrary to law").

Abundez-Abundez's remaining contentions are unpersuasive.

**In No. 06-74755: PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

**In No. 07-70892: PETITION FOR REVIEW DENIED.**